IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie Young, | C/A No. 6:22-2936-CMC |
| Petitioner, | |
| v. | **Order** |
| Warden, Evans Correctional Institution, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition filed on September 1, 2022. ECF No. 1. Petitioner challenges his state court conviction and sentence for armed robbery. *Id.* at 5. He alleges newly discovered evidence in that the trial court improperly instructed the jury, and that he should be parole eligible after seven years per South Carolina statute, but he is being denied application of the statute. He currently has a petition for extraordinary writ pending in the South Carolina Supreme Court.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald, for pre-trial proceedings and a Report and Recommendation ("Report"). On December 1, 2022, the Magistrate Judge issued a Report recommending this matter be dismissed as successive. ECF No. 13. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. On December 21, 2022, Petitioner filed objections. ECF No. 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

After conducting a *de novo* review of the record as to the objections made, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge.  This court lacks jurisdiction over this Petition, as it is successive.  Petitioner previously brought a motion under § 2254 in federal court, which was adjudicated on the merits.  *Young v. Burt*, Case No. 6:07-cv-02893, 2008 WL 4319985 (D.S.C. Sept. 16, 2008). Although Petitioner states his two grounds raised in the instant petition are "newly discovered," both could have been brought in his previous petition.  The jury instructions occurred at the time of trial, and he could have objected then if he believed they were erroneous.  Further, as noted by the Magistrate Judge, Petitioner's offense was designated as non-parole eligible at the time of sentencing, and therefore he could have challenged application of the parole statute at the time of his initial § 2254 petition.

Petitioner argues in his objections the statute requires seven years to be served before parole eligibility and therefore he could not bring this claim until he had served that amount.  As noted by the Magistrate Judge, § 2244(b)(2) provides that a petitioner may bring a second or successive § 2254 under some circumstances.  However, § 2244(b)(3)(A) states before a "second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Petitioner has not so moved.  Therefore, this court lacks jurisdiction to consider his petition, even if it does raise newly discovered evidence or otherwise qualifies under § 2244.

Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 3, 2023